UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Khadijah-Maryam Lanase,** | Case No. 1:26-cv-00394-MPB-MG |
| Plaintiff, | |
| v. | |
| **Credit Union of New Jersey; Trans Union, LLC; and Equifax Information Services, LLC,** | |
| Defendants. | |

## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**[1]

A.    Parties

Khadijah-Maryam Lanase, Plaintiff

Credit Union of New Jersey, Defendant

Trans Union, LLC, Defendant

B.    Representatives

Counsel for Plaintiff

>   Guerino Cento
>   CENTO LAW
>   5666 Carrollton Avenue
>   Indianapolis, IN 46220
>   317-908-0678
>   cento@centolaw.com

---

[1] Plaintiff has settled with Equifax.

1

Counsel for Credit Union of New Jersey

    Thomas Kus (#14875-49)
    Alexis French (#39693-49)
    GORDON REES SCULLY MANSUKHANI, LLP
    600 East 96th Street, Suite 501
    Indianapolis, Indiana 46240
    Telephone: (317) 713-0905
    Email: tkus@grsm.com
       afrench@grsm.com

Counsel for Trans Union, LLC

    Katherine Carlton Robinson, Esq.
    (#31694-49)
    Trans Union, LLC
    555 W. Adams Street
    Chicago, IL  60661
    Telephone:  317-954-0717
    E-Mail:  katherine.carltonrobinson@transunion.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.    **Jurisdiction and Statement of Claims**

A.    The parties shall state the basis for subject matter jurisdiction.  If there is disagreement, each party shall state its position.

B.    Plaintiff: Plaintiff brings this case pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. (the "FCRA") (Unless otherwise stated, all "Section" references are to the FCRA). Plaintiff alleges that Defendants violated the FCRA by including, reporting, and failing to remove inaccurate derogatory information from Plaintiff's credit files. Plaintiff disputed this inaccurate information, but Defendants failed to correct Plaintiff's credit files. Plaintiff alleges that Defendant's actions violate Section 1681e(b), Section 1681i, Section 1681c-1, Section 1681g, and Section 1681s-2(b), entitling Plaintiff to the remedies available under Section 1681n and Section 1681o.

C.    Credit Union of New Jersey: Plaintiff asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), alleging that CUNJ, as a furnisher, reported inaccurate information concerning Plaintiff's account and

2

*Revision Date:  October 7, 2024*

failed to conduct a reasonable investigation in response to a dispute. However, CUNJ objects to personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and, accordingly, objects to participating in merits discovery while its motion to dismiss is pending.

D.  Trans Union, LLC: Trans Union is not contesting jurisdiction. Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

## III.  **Pretrial Pleadings and Disclosures**

A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 26, 2026** [no later than 4 months from Anchor Date]. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B.  Plaintiff(s) shall file preliminary witness and exhibit lists on or before **July 3, 2026** [no later than 7 days after initial disclosures are served].

C.  Defendant(s) shall file preliminary witness and exhibit lists on or before **July 10, 2026** [no later than 14 days after initial disclosures are served].

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 26, 2026** [no later than 5 months from Anchor Date].

E.  Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **July 26, 2026** [no later than 5 months from the Anchor Date].  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required

*Revision Date:  October 7, 2024*

by Fed. R. Civ. P. 26(a)(2) on or before **February 21, 2027** [no later than 12 months from Anchor Date].  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 23, 2027** [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **March 23, 2027** [no later than 13 months from Anchor Date].

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **May 22, 2027** [no later than 120 days prior to the proposed trial month].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before **April 22, 2027** [no later than 14 months from Anchor Date].  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information

*Revision Date:  October 7, 2024*

anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

*Revision Date:  October 7, 2024*

## IV.    Discovery[2] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Plaintiff: At this time, Plaintiff does not anticipate moving for summary judgment.

Credit Union of New Jersey: Credit Union of New Jersey anticipates that the facts will show that CUNJ furnished accurate information and, as such, is entitled to judgment in its favor.

Trans Union, LLC: Trans Union may file a motion for summary judgment as to liability and/or damages after the close of discovery.

---

[2]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

*Revision Date:  October 7, 2024*

B.      On or before **February 21, 2027** [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

X____ Track 2: Dispositive motions are expected and shall be filed by **December 23, 2026** [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by [no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by **May 22, 2027** [no later than 15 months from Anchor Date]. All remaining discovery shall be completed by **June 21, 2027** [no later than 16 months from Anchor Date].  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V.      **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement

7

*Revision Date:  October 7, 2024*

conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in <u>September 2026</u> [month/year].**

## VI.     <u>Trial Date</u>

The parties request a trial date in <u>**August 2027**</u>.  The trial is by jury [Court or jury] and is anticipated to take **three days**.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.    <u>Referral to Magistrate Judge</u>

A.      **Case**.  At this time, all parties _____ [do/do not] consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   <u>Required Pre-Trial Preparation</u>

A.      **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

*Revision Date:  October 7, 2024*

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and

*Revision Date:  October 7, 2024*

designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

*Revision Date:  October 7, 2024*

## IX.    Other Matters

None. [Insert any other matters any party believes should be brought to the Court's attention]

Respectfully submitted,

*Counsel for Plaintiff*

/s/ *Guerino Cento*
Guerino Cento
CENTO LAW
5666 Carrollton Avenue
Indianapolis, IN 46220
317-908-0678
cento@centolaw.com

*Counsel for Credit Union of New Jersey*

/s/ *Alexis French*
Thomas Kus (#14875-49)
Alexis French (#39693-49)
GORDON REES SCULLY MANSUKHANI, LLP
600 East 96th Street, Suite 501
Indianapolis, Indiana 46240
Telephone: (317) 713-0905
Email: tkus@grsm.com
        afrench@grsm.com

*Counsel for Trans Union, LLC*

/s/ *Katherine Carlton Robinson*
Katherine Carlton Robinson, Esq.
(#31694-49)
Trans Union, LLC
555 W. Adams Street
Chicago, IL  60661
Telephone:  317-954-0717
E-Mail:  katherine.carltonrobinson@transunion.com

11

*Revision Date:  October 7, 2024*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. BEFORE MAGISTRATE JUDGE _____.  THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
|  | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

12

*Revision Date:  October 7, 2024*

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

13

*Revision Date:  October 7, 2024*